## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

| | | |
|---|---|---|
| IN RE: Garland Edward Jenkins | ) | In Bankruptcy |
| Alice Faye Jenkins | ) | Case No.: 05-51051 |
| Debtors | ) | Chapter 7 |
| | ) | |
| | ) | |
| | ) | Adversary proceeding |
| | ) | Case No.: 17-_____ |
| | ) | |
| _____ | ) | _____ |

Geneva F. Parris, Chapter 7 Trustee

       Vs.

Grant and Eisenhofer, P.A.,
1201 North Market St.
Wilmington, Delaware 19801
Serve: registered agent
YCS&T Services LLC
1000 N.King St.
Wilmington De., 19801

_____

### COMPLAINT FOR TURNOVER OF ASSETS AND MONIES OF THE ESTATE PURSUANT TO 11 USC § § 542 & 543

_____

Comes now Geneva F. Parris, Trustee, by counsel, and for her Complaint alleges as follows:

JURISDICTION AND VENUE

1.     The District Court for the Western District of Kentucky has jurisdiction of this

proceeding pursuant to 28 U.S.C. Section 1334(b), which has been referred to this Bankruptcy

Court by LR 83.12(a), of the Joint Local Rules of Civil Practice for the U.S. District Courts for

the Eastern and Western Districts of Kentucky under authority granted to the District Court by

28 U.S.C. Sec. 157(a).  Venue lies herein by reason of 28 U.S.C. Sec. 1409.

1

2.        This adversary proceeding is a core proceeding arising under or arising in a case under Title 11 of the United States Code, to wit: In re: Garland Edward Jenkins and Alice Faye Jenkins, Case No. 05-51051, filed June 25, 2005, and now pending before the U.S. Bankruptcy Court for the Western District of Kentucky.  28 U.S.C. Sec. 157(b)(2) (E).

3.        This action is brought pursuant to 11 U.S.C. Sections 542 and 543 and B.R. 7001.

<u>PARTIES</u>

4.        Plaintiff is the trustee in the Chapter 7 bankruptcy case described in paragraph 2.

5.        Defendant is a Delaware corporation with offices in New York, Delaware, and Washington, D.C., at all times herein mentioned. Service may be had  by serving its registered agent: YCS&T Services LLC, 1000 N. King St., Wilmington, Delaware 19801.

<u>FACTUAL BACKGROUND</u>

6.         Plaintiff is the duly qualified and acting trustee in this case. To perform her duties as trustee, the trustee required the services of an attorney to represent the interest of the bankruptcy estate regarding recovery of the proceeds of a *qui tam* lawsuit.

7.        Plaintiff retained the law firm of Grant and Eisenhofer, P.A., 485 Lexington Avenue, New York, New York, 10017, as counsel for the trustee to pursue the estate's interest in a *qui tam* action then pending in the United States District Court for the Western District of Kentucky Civil, Action No. 5:99cv-00170-JHM.

 8.        On October 16, 2007, the plaintiff trustee filed an application to appoint an attorney to represent the estate, *nunc pro tunc, (*Related Doc # [15]).  Attached to the application was a declaration of Joseph R Egan of the firm Egan, Fitzpatrick and Walsh PLLC, Counselors at Law, 2001 K St. NW., Suite 400, Washington, DC 20006.

2

9.      The application was approved by order dated November 8, 2007, the Bankruptcy

Court ordered (Related Doc # [19]),

> that Geneva F. Parris, Trustee, is authorized to employ Joseph R. Egan, Egan, Fitzpatrick, & Malsch, PLLC, generally, as attorney for the trustee and the Estate, *nunc pro tunc*, upon the terms of compensation provided in said application, specifically on a contingency fee of that percentage of the total gross recovery which is stated in Applicant's agreement with attorney. It is also requested that said attorney, if there is a recovery, be awarded expenses, including but not limited to all deposition expenses, long distance phone calls, postage, reasonable travel expenses, expert witness charges, court costs, and reproduction expenses. However, in no event will the attorney's fees plus expenses exceed fifty percent (50%) of the total gross recovery. The same to be paid in such amounts as may be allowed by the Court upon application therefore.

10.     On June 2, 2009, plaintiff trustee filed a status report with the bankruptcy advising the

court of the progress in the *qui tam* lawsuit (Related Doc # [22]).

> COMES Geneva F. Parris, Chapter 7 Trustee, and states that the asset at interest in the Garland Jenkins bankruptcy case is a *qui tam* lawsuit in which litigation remains ongoing. The trustee received a letter dated April 30, 2009, from the attorney for the estate in response to a request from the trustee for a status update. The trustee has been advised that other than the change in trial date, there have been no significant developments and no settlement discussions at this time. Due to requests of the Department of Justice, the matter has been postponed on several occasions and is now set for trial in September of 2011.

11.      On November 15, 2010, the plaintiff trustee filed a  status report advising the court of

the progress in the *qui tam* lawsuit (Related Doc # [24]).

> COMES Geneva F. Parris, Chapter 7 Trustee, and states that the asset at interest in the Garland Jenkins bankruptcy case is a *qui tam* lawsuit in which litigation remains ongoing, with discovery in process. The trustee has been advised by counsel that the pace of this litigation is more in control of the US Department of Justice than private counsel. This trustee has been updated by counsel by phone and follow up letter has been requested by the attorney for the estate. The matter remains scheduled for trial in September of 2011.

12.     On May 12, 2011, the plaintiff trustee filed an application to substitute counsel in the *qui*

*tam* action (Related Doc # [25]),

3

Applicant desires to substitute as counsel for the Estate the law firm of Grant and Eisenhofer, P.A., 485 Lexington Avenue, New York, New York, 10017, in the place of Joseph R. Egan, Egan, Fitzpatrick, & Malsch, PLLC, former counsel for the trustee, now deceased. Mr. Egan had arranged for this firm, in consultation with the trustee, to assume representation due to his terminal illness. Grant and Eisenhofer have been providing ongoing representation to the trustee and all other relators in this case. However a formal substitution with court approval has not been submitted.

13.    On May 12, 2011, with the application, and on behalf of the law firm of Grant and

Eisenhofer, P.A., one of its members, Peter Andrews, filed an affidavit of disinterestedness

(Related Doc # [26]),

I, Peter B. Andrews, having been duly sworn according to law, declares as follows:
1.      I am an Attorney at Law, and my office address is Grant & Eisenhofer, PA, 1201 North Market Street, Wilmington, DE 19801.
2.       I am willing to accept employment by the trustee on the basis set forth in the annexed  application. I do not have an interest adverse to the trustee or to the estate in regard to the matters for which I am employed, and I am a disinterested person within the meaning  of the U.S.C. Section 101 (14).

14.    On May 13, 2011, the plaintiff trustee filed her amended status report *(*Related Doc #

[28]),

COMES Geneva F. Parris, Chapter 7 Trustee, and states that the *qui tam* lawsuit is scheduled for trial on August 13, 2012. The trustee has been advised by counsel that the pace of this litigation is more in control of the US Department of Justice. Due to a clerical error, the prior trial date was not updated.

15.    On June 7, 2011, Bankruptcy Court entered this order (Related Doc # [30]),

IT IS HEREBY ORDERED AND ADJUDGED that Geneva F. Parris, Trustee, is authorized to employ Grant and Eisenhofer, P.A., generally, as attorney for the trustee and the Estate *nunc pro tunc*, upon the terms of compensation provided in said application, specifically on a contingency fee of that percentage of the total gross recovery which is stated in applicant's agreement with attorney. It is also requested that said attorney, if there is a recovery, be awarded expenses, including but not limited to all deposition expenses, long distance phone calls, postage, reasonable travel expenses, expert witness charges, court costs, and reproduction

4

expenses. However, in no event will the attorney's fees plus expenses exceed fifty percent (50%) of the total gross recovery. The same to be paid in such amounts as may be allowed by the Court upon application therefore.

16.    On August 16, 2012, the plaintiff trustee submitted a status report which included an amended pretrial order in the *qui tam* action pending in the Western District of Kentucky Civil Action No. 5:99cv-00170-JHM (Related Doc # [31])

17.    On May 17, 2013, plaintiff trustee submitted this status report (Related Doc # [36]),

COMES Geneva F. Parris, Chapter 7 Trustee, and states that the *qui tam* lawsuit held a telephonic conference on April 16, 2013, and she has been informed that parties were unable to reach an amicable resolution. A telephonic status conference is scheduled for Tuesday, May 21, 2013, at 9:30 a.m. in this matter. The trustee has been in communication with the Assistant United States Attorney for the Western District of Kentucky handling the matter. He indicates both factual and expert discovery should be completed by the year's end. The matter had not been rescheduled on Judge McKinley's trial docket because of its length and being disruptive to the overall court calendar upon change.

18.    On January 15, 2015,  plaintiff trustee submitted this status report (Related Doc # [39]),

COMES Geneva F. Parris, Chapter 7 Trustee, and states that an Amended Scheduling Order was entered on December 23, 2014, in the *qui tam* lawsuit. That Order along with the case docket report detailing court activities are herein submitted for review. The only potential asset is proceeds from this litigation. Attached to her report was a recent pretrial order of the court together with the docket sheet from the District Court action.

19.    Upon information and belief, the defendant, Grant and Eisenhofer, P.A. learned of the death of the debtor, Garland Jenkins. Without consulting with the plaintiff trustee on this matter, secured Kentucky counsel and on October 15, 2015, the Marshall County District Court, in case number 15-P-130,  appointed  Susan Jenkins, widow of Garland E. Jenkins, as Administrator of the Estate of Garland E. Jenkins, deceased. On October 22, 2015, the U.S. District Court for the Western District of Kentucky ordered that Susan Jenkins as Administratrix of the Estate of

Garland E. Jenkins, be substituted in this case for Garland E. Jenkins. The defendant failed to notify the plaintiff trustee of either the probate case or the substitution.

20.    The trustee learned of the death of Garland Jenkins and the probate action not from the defendant but from an entry on the District Court Docket sheet on the *qui tam* action. The trustee contacted counsel and questioned the substitution of Susan Jenkins. The defendant reassured the trustee that the interests of the estate would be protected.

21.    On February 23, 2016, the trustee submitted this status report (Related Doc # [40]),

> COMES NOW Geneva F. Parris, Chapter 7 Trustee, and states that the litigation is ongoing. A motion for summary judgment was been filed in November, 2015, by the defendant to which the government must respond by March 31, 2016. On October 22, 2015, Susan Jenkins was substituted as plaintiff in her capacity as Administratrix of the Estate of Mr. Garland Jenkins in this *qui tam* lawsuit. Over the past year, there have been numerous pleadings filed in the litigation. The matter remains without a specific trial date. The only potential asset remains proceeds from this litigation which is ongoing.

22.    Nothing further was reported to the trustee by the defendant.  However, on February 26, 2016, the defendant, Grant and Eisenhofer, P.A., signed off on a settlement agreement in which they represented to the District Court that,

> On October 15, 2015, Susan Jenkins was appointed Administrator of the Estate of Garland E. Jenkins, deceased. On October 22, 2015, the U.S. District Court for the Western District of Kentucky ordered that Susan Jenkins be substituted in this case for Garland E. Jenkins.

The agreement also provided that,

> 3. Contemporaneous with and in consideration for the execution of this Agreement, the defendants, relators, and counsel for relators shall execute the agreement attached hereto as Exhibit B, the terms of which are incorporated herein. Exhibit B resolves all claims and issues concerning the relators' and counsel for relators' entitlement to reimbursement of attorneys' fees, costs, and expenses.

4. Grant & Eisenhofer P.A. shall be responsible for dividing and distributing the payments among relators and relators' counsel, and defendants and the United States have no responsibility for any disputes that may arise regarding the division or distribution of such payments. The undersigned counsel, James Sabella, Esq. and Grant & Eisenhofer, P.A., specifically represent and warrant that they are fully authorized to divide and distribute the payments on behalf of all relators and relators' counsel. Settlement Agreement dated 2-26-16, page 7 of 102.

23.    The agreement also contained a full and complete release,

9. The relators and their respective heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon the relators' receipt of the payment described in Paragraph 2, the relators and their respective heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action." Settlement agreement dated 2-26-16, page 10 of 102.

24.    The exhibit to the settlement agreement provided in relevant part,

Defendants shall pay the amount of $550,000.00 USD (Five Hundred and Fifty Thousand Dollars) (the "Fee Settlement Amount") to James Sabella, Grant & Eisenhofer P.A., by wire transfer within ten business days of the later of (i) the full and complete execution of this Agreement or (ii) the receipt by defendants' Counsel of wiring instructions for Grant & Eisenhofer P.A. By executing this Agreement, the Parties recognize that the Fee Settlement Amount will be retained and/or disbursed among relators' counsel (and/or relators) by James Sabella, Grant & Eisenhofer P.A., and will constitute full payment of the Fee Settlement Amount by defendants to relators and relators' counsel, fulfilling defendants' obligations under this Agreement. Settlement agreement dated 2-26-16, page 92 of 102.

25.    When the trustee learned of the disbursement of funds, she immediately contacted the

defendant, Grant and Eisenhofer, P.A. , her counsel about the disposition of the funds and

received this reply.

As I set out in my prior email, the recovery by all relators was a total of $920,000, of which G&E received 26-2/3%. Thus, G&E received out of the recovery by all relators $245,333.33. Since 18% of the relators' share of the recovery was paid to

7

Mrs. Jenkins, 18% of the $245,333.33 could be said to be attributable to the recovery by Mrs. Jenkins. That amounts to $44,160. Could you send me copies of your communications with my firm. The last communication from you that I can find in our files, prior to last week, is from 2012. James J. Sabella , Director , Grant & Eisenhofer P.A., 485 Lexington Avenue, New York, NY 10017

26.     11 USC § 542 provides that an entity in possession, custody of, or control of property

that the trustee may sell or use during the case  shall deliver to the trustee and account for such

property or the value of such property unless the property is of inconsequential value.

27.     11 USC § 543 provides,

 (a) A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property.
(b) A custodian shall—
>        (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and
>        (2) file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

28.     By this complaint the plaintiff trustee demands that the defendant turnover all assets or

monies received  on behalf of the claim of Garland Jenkins and account for all sums received in

the settlement  of the *qui tam* action filed in the Western District of Kentucky Civil Action No.

5:99cv-00170-JHM retained by the defendant including attorneys fees and monies paid out to

any of the other parties including Susan Jenkins or the value thereof.

29.     The defendant has actual knowledge of the bankruptcy and that the above claim is and

remains property of the bankruptcy estate.

8

30.     Any assets or monies retained and/or disbursed by the defendant without court approval are wrongfully held and must be turned over to the trustee forthwith.

**WHEREFORE**, the trustee prays that this court enter judgment in her favor requiring the defendant to turn over all assets and monies received as result of the District Court action including any monies retained as attorneys fees and sums paid by them to Susan Jenkins without deduction or set off for any costs or expenses or the value thereof.

This the 2nd  day of March, 2017.


/s/   Russ Wilkey
Russ Wilkey
WILKEY & WILSON, P.S.C.
111 West Second Street
Owensboro, KY 42303
(270) 685-6000
rwilkey@wilkeylaw.com
Attorney for Trustee, Geneva F. Parris